IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SEAN OWENS | § | |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CAUSE NO. 4:11 cv 2237 |
| | § | |
| CEVA LOGISTICS, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT CEVA LOGISTICS U.S., INCs MOTION FOR SUMMARY JUDGMENT

Defendant CEVA Logistics U.S., Inc. files this Motion for Summary Judgment and in support would show the Court the following:

### Summary of Argument

The Court should grant summary judgment in CEVA's favor and against Plaintiff Sean Owens ("Plaintiff" or "Owens") on his sole claim for overtime under the Fair Labor Standards Act ("FLSA") because Plaintiff fit the administrative employee exemption as an Operations Supervisor for Texas.[1]

### Summary Judgment Evidence

Exhibit 1:    Declaration of Darious Edwards with Exhibits.

        Exhibit 1A:    Job description for Operations Supervisor Texas.

        Exhibit 1B:    List of Operations Supervisor Texas job duties.

        Exhibit 1C:    Sean Owen's Payroll records.

---

[1] To avoid unnecessary filings, and unless directed otherwise by the Court, CEVA's Motion shall serve as its Response to Plaintiff's Motion for Summary Judgment since each motion addresses whether Plaintiff met the administrative employee exemption under the FLSA.

1

| | | |
|---|---|---|
| | Exhibit 1D: | March 6, 2010 Meeting Minutes. |
| | Exhibit 1E: | Sean Owen's correspondence with Suppliers and Third-Party Carrier. |
| | Exhibit 1F: | Sean Owen's disciplinary history and notes regarding performance issues. |
| Exhibit 2: | | Excerpt from Plaintiff's Response to Defendant's First Interrogatories, Requests for Admissions, and Requests for Production, Interrogatory Response No. 3. |
| Exhibit 3: | | Demand letter from Plaintiff dated July 23, 2011. |

**Facts**

CEVA is a logistics company serving customers' supply chain management requirements around the world.[2] CEVA designs, implements and operates customized distribution services on a national, regional, or global scale.[3] CEVA Logistics U.S., Inc. employed the Plaintiff as an Operations Supervisor from February 1, 2010 through May 19, 2010 and paid him an annual salary of $48,000 ($923.07 per week.)[4]

CEVA manages Daimler Chrysler ("Chrysler") "Just In Time carriers" (JIT) that pick up parts from dock locations in Harlingen, El Paso, and Laredo, Texas and deliver parts to final destinations at various Chrysler plants located in Detroit, Michigan.[5] CEVA manages the three Texas locations for Chrysler overseeing the consolidation of supplier shipments from a third-party carrier, which, during Plaintiff's employment with CEVA, was SMT.[6] CEVA created the Operations Supervisor for Texas position so that one CEVA employee would have authority,

---

[2] Exh. 1, Declaration of Darious Edwards, Para. 3.
[3] *Id.*
[4] *Id*, Para. 6.; Exh. 1C, Sean Owen's Payroll Records.
[5] Exh. 1, Declaration of Darious Edwards; Para. 4.
[6] *Id.*

2

responsibility, and oversight of the Texas supply base and third-party carrier for Chrysler, CEVA's customer.[7]

As the sole Operations Supervisor for Texas servicing Chrysler, Plaintiff oversaw the three Texas facilities that provided services to Chrysler in Detroit. At each of these locations Plaintiff supervised third-party carrier SMT's pick-up and delivery of supplier parts from 79 different suppliers in Texas.[8] Plaintiff oversaw the consolidation of the supplier shipments at the three facilities as well as the shipment of the suppliers' parts to Chrysler plants in Detroit.[9] Owen's job supported the core of CEVA's general business operations: designing, implementing and operating customized distribution services.[10]

Plaintiff's primary duties consisted of overseeing the consolidation of the supplier shipments at these three CEVA facilities as well as the shipment of the supplier products to Chrysler in Detroit.[11] He had the authority to: (i) terminate or add third-party carrier driver assignments on the CEVA contract; (ii) negotiate settlements for nonconforming shipments; and (iii) refuse nonconforming shipments.[12] His job was to ensure all drivers and employees complied with Chrylser and CEVA procedures.[13] He had the authority to analyze and implement cost savings measures.[14] He was required to report performance metrics (goals) to Chrysler and manage weekly performance in all areas.[15]

He was also required to conduct work instruction reviews at each of his three Texas locations to determine if work was performed correctly and, when not, issue corrective actions or

---

[7] *Id.*, Para. 5.
[8] *Id.*, Paras. 9-11.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

3

modify the work instructions.[16] Additionally, Plaintiff was responsible for ensuring all routes were correctly designed to meet CEVA and Chrysler requirements and should have taken steps to improve routes to optimize utilization, eliminate circuitous mileage, and ensure drivers had sufficient hours to meet desired results.[17]

Plaintiff also performed or should have performed the following duties:

- Ensured the Integrated Voice Recognition ("IVR") program which monitors driver routes correctly reflected each route and that drivers were updating the information as required. This included ensuring that the automated systems was properly programmed with all routes as updated by drivers as well as addressing problems by issuing corrective actions to correct route information;

- Followed processes to meet Chrysler STARS requirements regarding route timeliness;

- Ensured SMT's compliance and standardization of Harlingen, El Paso, and Laredo Texas locations;

- Conducted over, short, and damaged ("OSD") follow-up with Chrysler supplier base, including investigating claims by Chrysler and conducting required follow-up with Chrysler;

- Conducted supplier pick-up sheet ("SPS") process evaluation to review discrepancies and create solutions;

- Conducted weekly meetings with SMT as well as monthly SMT evaluations by location to establish performance metrics; and

- Established continued improvement in claim reduction and scan reconciliation process at the El Paso site and managed Juarez lane.[18]

Plaintiff supervised one employee located in Harlingen, Texas, Logistics Administrator/Clerk Manuel Aviles. His direct supervisor, Operations Manager Darious

---

[16] *Id.*
[17] *Id.*
[18] *Id.*

Edwards, worked at CEVA's facility in Portage, Indiana.[19] Thus, Edwards considered Plaintiff the "eyes and ears" of CEVA's Texas operations for Chrysler.[20]

CEVA hired Plaintiff to fill the Operations Supervisor for Texas position based on his claim of significant experience with continuous improvement and LEAN methodologies, which are methods to identify the source of problems and create solutions in logistics environments.[21] He also claimed experience in an automotive manufacturing environment.[22] CEVA hoped Owens would improve performance at the three Texas locations and improve CEVA's services to Chrysler.[23]

Unfortunately, Plaintiff failed to demonstrate the skills for which he was hired and which were required by his position.[24] Plaintiff refused to take ownership of performance metrics (goals), lacked a sense of urgency in his performance, and failed to accept the responsibility and the duties of his position as Operations Supervisor of Texas.[25] He simply failed to do his job.

## Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Declarations, if any," when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[26] To defeat a properly supported motion for summary judgment, the non-movant must present more than a mere scintilla of evidence.[27]

---

[19] *Id.*, Para. 7.
[20] *Id.*
[21] *Id.*, Para. 8.
[22] *Id.*
[23] *Id.*
[24] *Id.*, Para. 12; Exh. 1F, Sean Owens' disciplinary history and notes regarding performance issues.
[25] *Id.*
[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[27] *Id.* at 251.

## Argument & Authorities

Plaintiff alleges that CEVA incorrectly classified him as an exempt employee under the Fair Labor Standards Act ("FLSA") and failed to pay him overtime. Plaintiff, however, was exempt from overtime wages pursuant to the administrative exemption of the FLSA overtime regulations.[28]

### A. Requirements for the administrative exemption.

The Fair Labor Standards Act ("FLSA") establishes minimum wage and overtime requirements and requires that any "nonexempt" employee who works over 40 hours per week must receive overtime pay.[29] The overtime requirements, however, do not apply to employees working in the so-called white collar positions: executive, administrative, or professional capacity.[30] Plaintiff worked in a position which was exempt pursuant to the administrative exemption of the FLSA's overtime regulations.

To meet the administrative employee exemption, CEVA must show that (1) the employee was compensated on a salary or fee basis at a rate of not less than $455 per week; (2) the employee's primary duty consists of office or non-manual work related to management policies or general business operations of the employer or the employers customers, (3) which includes work requiring the exercise of discretion and independent judgment with respect to matters of significance.[31] The essence of the test is to determine the employee's primary duty, which will usually be what he does that is of principle value to the employer.[32] The employee's primary duty must be directly related to assisting with the running or servicing of the business as

---

[28] 29 C.F.R. §541.200.
[29] 29 U.S.C. §207.
[30] 29 U.S.C. §213(a)(1).
[31] 29 C.F.R. §541.200; *Pendergraft v. Fujitsu Network Comm.*, 2011 U.S. Dist. LEXIS 96146, *6.
[32] *Harris v. Auxilim Pharmaceuticals, Inc.*, 664 F.Supp. 2d 711, *734 (S.D.Tex.2009).

6

distinguished from working on a manufacturing line.[33]

The "exercise of discretion and independent judgment" includes comparison and evaluation of possible courses of conduct and acting or making a decision based on the evaluation and implies that the person has the power and authority to make an independent choice free of immediate direction or supervision with respect to matters of significance.[34] The requirement that an employee conduct duties pursuant to written policies and procedures does not preclude the exercise of discretion and independent judgment.[35] An employee may exercise discretion even if his decisions or recommendations are reviewed by a senior management official and occasionally revised or reversed.[36]

Performing work directly "related to the management policies or general business operations" includes carrying major assignments in conducting business operations, performing work that affects business operations to a substantial degree, having the authority to commit an employer in matters that have a significant financial impact, investigating and resolving matters of significance on behalf of the management, and representing the company in handling complaints.[37]

Courts have found that duties similar to duties performed by Plaintiff as an Operations Supervisor, such as providing shipping details, processing orders, addressing customer issues, and processing returns are "without question, directly related to the general business operations" of the employer.[38] Courts have also found that interacting with customers (standing alone) involves the exercise of independent discretion.[39] Additionally, courts have held that directing

---

[33] *Id.*
[34] 29 C.F.R. §541.202.
[35] *Pendergraft* at *11.
[36] *Harris* at *736.
[37] *Pendergraft* at *12.
[38] *Pendergraft* at 8.
[39] *Id.* at *11-12.

7

and supervising a freight terminal operation fits the administrative employee exemption.[40]

## B. CEVA properly classified Plaintiff as exempt under the FLSA.

Plaintiff's primary duties as an Operations Supervisor for Texas met the requirements for the administrative exemption. He oversaw the activities of three Texas facilities providing services to Chrsyler, CEVA's customer, in Detroit, Michigan.[41] Plaintiff coordinated Chrysler suppliers and third-party carrier SMT, identified performance issues, maintained compliance with CEVA and Chrysler requirements, and implemented plans to improve efficiency in CEVA's provision of logistics services to Chrysler.[42]

CEVA entrusted Plaintiff with the authority to make independent decisions to address issues encountered by both suppliers and SMT regarding compliance, routing, scheduling, and shipment nonconformity.[43] Plaintiff's authority also included the ability to terminate SMT driver assignments on the CEVA contract for failure to comply with CEVA and Chrysler procedures.[44] Additionally, when the customer, Chrysler, encountered issues with the supplier shipments, Plaintiff was responsible for investigating those claims.[45]

Plaintiff directed suppliers and SMT drivers and employees by addressing various issues related to compliance, scheduling, routing, and pick-up and delivery.[46] Although Plaintiff describes his duties generically as merely "...an observer and information gatherer supporting some functions of the carrier," his actions and conduct on the job prove otherwise and demonstrate that he met the administrative exemption requirements of exercising discretion and

---

[40] *Alley v. Comella*, 241 F.Supp. 1016, 1018-1019 (W.D.Pa. 1965).
[41] Exh. 1, Declaration of Darious Edwards, Paras. 5, 9-11.
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*; Exh. 1E, Sean Owen's correspondence with suppliers and third-party carrier.

8

independent judgment.[47] For example, he exercised his power to decline SMT recovery route (retrieval of empty containers) requests, as well as his power to order suppliers to incur shipping fees at their own expense.[48]

Plaintiff made his authority known to CEVA's suppliers and SMT issuing clear directives when he believed they were not performing their obligations.[49] For example, Plaintiff enforced CEVA policies:

> As the operations supervisor for all 3 Texas site pool points, I would like to re-emphasize the importance of completing the weekly part audits on time. Due to the nature of our business being transportation and logistics it is critical that we all comply with timing deadlines and respect the efforts of those we indirectly support. Please have all part audits thoroughly and accurately completed by the close of business on Thursday of each week and submitted.[50]

Plaintiff demonstrated his full authority and independent discretion:

> [Y]our site has not been compliant when it comes to having your freight and documentation ready and available upon arrival of the SMT drivers ... if you can have your freight on our SMT dock by 5pm mountain standard time we will receive and accept the freight as a last time exception.[51]

Additionally, Plaintiff was the CEVA point of contact for SMT's drivers.[52] He held weekly meetings with SMT drivers at which he reviewed requirements and procedures and provided an opportunity for drivers to address issues and concerns with him.[53]

Plaintiff's duties were similar to those of the consumer service coordinator for a household good shipping company in *Haywood v. North Am. Van Lines* where the Court held that her duties addressing customer complaints regarding damaged or delayed shipments,

---

[47] See Plaintiff's Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment, p.14, para. 1.
[48] Exh. 1E, Sean Owens' correspondence with suppliers and third-party carrier. (Owens sent an email to carrier driver declining a recovery route and noting that he instructed supplier that remaining freight would have to be expedited/shipped at their own cost.)
[49] Id.
[50] Exh. 1E, Sean Owens' correspondence with suppliers and third-party carrier.
[51] *Id.*
[52] Exh. 1, Declaration of Darious Edwards, Para.9-11.
[53] *Id.*; Exh. 1D, March 6, 2010 meeting minutes.

9

investigating claims, reviewing of documents, and negotiating settlements met the administrative exemption criteria of exercising discretion and independent judgment.[54] The administrative operations of a business include the work performed by employees engaged in 'servicing' a business and include duties such as advising the management, planning, negotiating, and representing the company.[55] Similar to *Haywood*, there is no doubt that in addition to indicating the exercise of discretion and independent judgment, Plaintiff's duties were certainly related to the management policies or general business operations.[56]

Plaintiff's duties were also similar to those of the corporate account manager in *Pendergraft v. Fujitsu Network Comm.*[57] In that case, the Court held the plaintiff met the administrative employee exemption because her duties of addressing and resolving customer concerns and disputes, acting as the primary point of contact for the customer, and verifying and signing documentation sent to customer were "directly related to the general business operations" of the Company.[58]

### C. Plaintiff has made a "career" of strike suit.

Plaintiff apparently takes pride in accepting jobs described to him as exempt from overtime and subsequently challenging the classification. He appears to have been successful in the past.[59] Here, however, CEVA properly classified Plaintiff as exempt under the FLSA.

### D. Plaintiff is not entitled to unused accrued vacation.

Plaintiff is not entitled to the damages he seeks for alleged unused accrued vacation time because CEVA terminated his employment for cause. Specifically, CEVA terminated Plaintiff

---

[54] *Haywood v. North Am. Van Lines*, 121 F.3d 1066, *1072-73 (7th Cir. Ind. 1997).
[55] *Haywood* at *1072.
[56] *Id.*
[57] 2011 U.S. Dist. LEXIS 96146, *7-8, 13.
[58] 2011 U.S. Dist. LEXIS 96146, *7-8, 13.
[59] Exh. 2, Plaintiff's Response to Defendant's First Interrogatories, Requests for Admissions, and Requests for Production, Interrogatory Response No. 3; Exh. 3, Demand Letter from Plaintiff dated July 23, 2011.

for poor performance,[60] and as such, he is not entitled to unused accrued vacation time. The FLSA does not provide a cause of action for unpaid vacation time in any event.

### E. CEVA's response to Plaintiff's Motion for Summary Judgment.

CEVA's Motion for Summary Judgment is a cross motion on the same legal issues outlined in Plaintiff's Motion to Summary Judgment: whether or not Plaintiff's duties as an Operations Supervisor for Texas met the requirements for the FLSA's administrative exemption. To avoid unnecessary filings, unless directed otherwise by the Court, CEVA's Motion shall serve as its response to Plaintiff's Motion for Summary Judgment.

### Conclusion

As a matter of law, Defendant CEVA Logistics U.S., Inc. is entitled to summary judgment on Plaintiff's claims because there are no genuine issues of material fact to be determined and Plaintiff's Motion for summary judgment should be denied.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: **/s/Maricarmen Guzman Dollar**
Maricarmen Guzmán Dollar
Texas Bar No. 24002195
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEY-IN-CHARGE FOR
DEFENDANT CEVA LOGISTICS, INC.

---

[60] Exh. 1, Declaration of Darious Edwards, Paras. 12-13; Exh. 1F, Sean Owens's disciplinary history and notes regarding performance issues.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on April 27, 2012 via Electronic Mail correspondence to the following pro se Plaintiff:

*jaymatt7@hotmail.com*
Sean V. Owens,
P.O. Box 21646
Houston, TX 77226


**/s/Maricarmen Guzman Dollar**
Maricarmen Guzmán Dollar