**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SEAN V. OWENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2237 |
| | § | |
| CEVA LOGISTICS/TNT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Sean Owens, filed this action *pro se* on April 13, 2011 alleging that defendant CEVA Logistics failed to pay him overtime wages in violation of the Fair Labor Standards Act (FLSA). (Docket Entry No. 1). After discovery, the parties filed cross-motions for summary judgment. (Docket Entries No. 30, 32). On December 21, 2012, this court denied both parties' motions. (Docket Entry No. 41). Owens subsequently retained counsel. On May 22, 2013, Owens sought leave to file a first amended complaint to allege a collective action. (Docket Entry No. 50). A copy of the proposed amended complaint was attached to that motion. (Docket Entry No. 50, Ex. 1). CEVA responded in opposition, (Docket Entry No. 51), and Owens replied, (Docket Entry No. 55).

Rule 15(a) of the Federal Rules of Civil Procedure states that after a responsive pleading is served, a party may amend only "with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Although a court "should freely give leave when justice so requires," *id.*, leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party,

and futility of amendment." *Southmark Corp. v. Schulte Roth & Zabel* (*In re Southmark Corp.*), 88 F.3d 311, 314–15 (5th Cir. 1996); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'").

Owens argues that leave to amend should be granted to allow other similarly situated CEVA present and former employees to assert their claims in one lawsuit rather than many individual suits. (Docket Entry No. 50, at 2). CEVA responds that amendment will cause undue delay because Owens pursued an individual for the past two years, and because there are allegedly only a few employees with sufficiently similar duties. (Docket Entry No. 51, at 2–4).

CEVA's arguments do not present a persuasive reason to deny leave to amend. The record does not suggest that Owens delayed retaining counsel or that counsel delayed in moving for leave to amend. CEVA's arguments about whether there is a class of similarly situated individuals are more appropriately addressed through a motion seeking conditional certification and the response. This court grants the motion for leave to amend to include the collective-action allegations.

The motion for leave to file the first amended complaint, (Docket Entry No. 50), is granted.

SIGNED on June 20, 2013, at Houston, Texas.

                                            Lee H. Rosenthal
                                     United States District Judge